# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. COPING,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0191** (BOR Appeal No. 2050694)
(Claim No. 2010123172)

**ELEMENTIS SPECIALTIES F/K/A RH,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Coping, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Elementis Specialties F/K/A RH, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2016, in which the Board affirmed a July 16, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 29, 2014, decision which denied a request for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Coping, a dispersion operator, injured his back while pulling open a rollup door on February 6, 2010. The claim was held compensable for thoracic and cervical strains on February 24, 2010. In two separate Orders, temporary total disability benefits were granted from February 7, 2010, through February 14, 2010, and from February 16, 2010, through June 7, 2010. In a January 24, 2011, letter, Lester Labus, M.D., stated that he saw Mr. Coping that day for a return to work evaluation. At that time, Mr. Coping had no pain, his exam was normal, and he had good

1

motion and strength in his back. Dr. Labus released him to return to full duty work with no restrictions on February 1, 2011.

Marsha Bailey, M.D., performed an independent medical evaluation in which she diagnosed chronic cervical, thoracic, and lumbar complaints without objective evidence of injury or true radiculopathy. She concluded that Mr. Coping's lower extremity complaints were not consistent with true radiculopathy. His most recent MRI was normal. His upper extremity complaints were also found to be unsupported by objective medical evidence. Dr. Bailey opined that Mr. Coping needed no further treatment for the compensable injury and that he had reached maximum medical improvement.

On October 9, 2012, the Office of Judges affirmed a claims administrator's decision denying a request for temporary total disability benefits. The Office of Judges concluded in that case that Mr. Coping suffered an intervening injury on September 20, 2011, and his current issues were not related to the compensable injury. The Order was affirmed by the Board of Review and this Court. *See Coping v. Elementis Specialties F/K/A RH,* No. 13-0442 (Aug 13, 2014) (memorandum decision).

In a claim reopening application dated July 24, 2014, Mr. Coping requested temporary total disability benefits due to an aggravation and/or progression of his compensable injury. The physician's section was signed by Mark Calfee, D.C., and listed diagnoses of cervical and thoracic sprains/strains. He noted ongoing neck and upper dorsal pain, radiation into the bilateral extremities, and associated paresthesia. Dr. Calfee stated that there had been no aggravation or progression of Mr. Coping's disability since he was found to be at maximum medical improvement and released to resume employment. Mr. Coping's condition was virtually unchanged. The temporary total disability period was listed as ongoing to December 31, 2014.

The claims administrator denied Mr. Coping's request for temporary total disability benefits on August 29, 2014. The Office of Judges affirmed the decision in its July 16, 2015, Order. It found that the claim was held compensable for thoracic and cervical strain. Mr. Coping was found to be at maximum medical improvement by Dr. Bailey on February 24, 2014. The Office of Judges noted that Mr. Coping has previously applied for temporary total disability benefits and his request was eventually denied by this Court. It was determined at that time that he suffered an intervening injury on September 20, 2011, and that his current issues were related to that injury, not the compensable one. In the instant case, the Office of Judges found that Dr. Calfee stated on the reopening application that Mr. Coping had not suffered an aggravation or progression of his compensable injury since he was found to be at maximum medical improvement and released to return to work. Therefore, the Office of Judges concluded that he failed to meet his burden of proof to show that he was entitled to temporary total disability benefits for the requested time period. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 3, 2016

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. In order to reopen a claim for temporary total disability benefits, a claimant must show that they sustained an aggravation or progression of their compensable injury. West

Virginia Code § 23-5-2 (2005) and West Virginia Code § 23-5-3 (2009). Mr. Coping has not presented sufficient evidence to show an aggravation or progression of his condition. Dr. Calfee, who signed the reopening application, stated on the application that his condition was unchanged and he had suffered no aggravation or progression of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker